**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Chagolla, et al., | No. CV-19-00243-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Bryan Cluff, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for More Definite Statement (Doc. 11), in which they assert they are unable to frame a responsive pleading to Plaintiffs' Complaint (Doc. 1) absent further specificity of the nature of the claims.

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). Under Federal Rule of Civil Procedure Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) is intended "to strike at unintelligibility rather than want of detail," *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 649 (D. Ariz. 1994), and "is not to be used to substitute discovery," *Stoyanof v. Crocodiles Not Waterlillies, L.L.C.*, No. 11-00384-HWG, 2011 WL 13232088, at *3 (D. Ariz. June 23, 2011).

Plaintiffs' forty-eight-paragraph Complaint fails to separate out the various causes of action or claims for relief, or specify which defendants are responsible for which acts or omissions. It also appears to include various criminal allegations against both Defendant Cluff and other unnamed parties, allegations against general harm to the community at large, and vague challenges to the constitutionality of Arizona Revised Statutes §§ 12-821, 12-821.01, 11-622, "as well as other statutes." (Doc. 1 at ¶ 25). The pleading, by its very nature, violates Rule 8's requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Defendants' Motion for More Definite Statement will be granted.

In addition, to the extent the Complaint appears to assert any criminal charges, the Court notes that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Mikhail v. Kahn*, 991 F.Supp.2d 596, 635 (E.D. Penn. 2014) ("In federal court, at least, a private individual cannot prosecute a criminal action; not only do federal criminal laws provide no basis for such prosecution, but under Article III of the Federal Constitution, federal courts lack jurisdiction over such suits."). Accordingly, because it is unclear how these criminal allegations relate to the underlying claims, Defendants' Motion to Strike is also granted.

In filing a First Amended Complaint, Plaintiffs are advised to become familiar with the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure.[1] As stated above, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). These general pleading requirements

---

[1] The Local Rules are available at: http://www.azd.uscourts.gov/local-rules, and the Federal Rules are available at: http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf. The fact that Plaintiffs are appearing pro se does not excuse any failure to comply with the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

shall be set forth in separate and discrete numbered paragraphs that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiffs must also set forth each discrete legal claim for relief in separate counts (*i.e.*, count one, count two, etc.).

The First Amended Complaint must provide each Defendant with fair notice of the claims asserted and must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard demands sufficient factual content to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Finally, if Plaintiff elect to file a First Amended Complaint but fail to comply with the instructions explained in this Order, fail to prosecute this action, or otherwise fail to comply with the federal and local rules, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS THEREFORE ORDERED** that Defendants' Motion for More Definite Statement and Motion to Strike (Doc. 11) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file an amended complaint in accordance with this Order no later than **May 20, 2019**.

Dated this 23rd day of April, 2019.

Honorable Steven P. Logan
United States District Judge