**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Chagolla, et al., | No. CV-19-00243-PHX-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bryan Cluff, et al., | |
| Defendants. | |

On April 23, 2019, this Court granted Defendants' Motion for More Definite Statement and Motion to Strike and provided Plaintiffs with an opportunity to file an amended complaint in compliance with the Court's Order (Doc. 17). When Plaintiffs failed to file an amended complaint, Defendants filed a Request for Dismissal Under Rule 41(b) (Doc. 20), and this Court issued an order to show cause as to why the action should not be dismissed for lack of prosecution and failure to comply with court orders (Doc. 21). Plaintiffs claimed they "mislabeled" a prior filing (Doc. 19), which was intended to include their amended complaint (Doc. 25). The Court thus denied Defendants' Request for Dismissal and provided Plaintiffs with another opportunity to file the amended complaint (Doc. 29). Plaintiffs filed an Amended Complaint on August 16, 2019, and Defendants have again moved for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. The motion is fully briefed and the Court rules as follows.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action or claim if a plaintiff "fails to prosecute or to comply with these rules or

a court order." Defendants argue that Plaintiff's Amended Complaint (Doc. 30) fails to comply with both this Court's April 23, 2019 Order (Doc. 17; *see also* Doc. 29) and Rule 8 of the Federal Rules of Civil Procedure.

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). In addition, the complaint must provide each Defendant with fair notice of the claims asserted and must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard demands sufficient factual content to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id*., and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

The Court agrees that Plaintiffs' Amended Complaint does not satisfy the federal pleading standards and fails to abide by Rule 8's requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rather, the Amended Complaint is comprised of seventy-seven pages of narration with vague references to the deprivation of "[m]ultiple [c]onstitutional [f]reedoms" and violations of due process. Plaintiffs have thus made no effort to tie the facts in the narrative to the legal elements of any cause of action. The Court declines to engage in the cumbersome task of sifting through the pleading to guess what causes of action have been alleged against each individual Defendant and which facts correspond to the elements of those speculated claims.

Plaintiffs' Amended Complaint thus fails to comply with Rule 8 and the standards previously set forth in this Court's April 23, 2019 Order (Doc. 17), and as a result, may be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *See Nevijel v. N. Coast Life*

*Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (stating a complaint that fails to comply with Rule 8 may be dismissed with prejudice under Rule 41(b)). "Despite this authority, dismissal is a harsh penalty and therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzlelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is warranted, the Court weighs five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260–61 (quotation omitted).

Here, the Court finds that the first two factors favor dismissal. Plaintiffs are unable to comply with Rule 8, which as a result, hinders this Court's ability to move the case toward disposition. The third factor also favors dismissal as there is no risk of prejudice in resolving Defendants' motion in their favor. Because public policy favors the disposition of cases on their merits, the fourth factor weighs against dismissal. Finally, in considering the availability of less drastic alternatives, the Court notes that dismissal without prejudice is an available and less drastic sanction in this case.[1] *See Ferdik*, 963 F.2d at 1260 (holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's complaint for failing to comply with a court order); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of amended complaint that did not comply with Rule 8). Accordingly,

///

///

///

///

///

---

[1] Because the Court has already provided Plaintiffs with an opportunity to file an amended complaint that complies with Rule 8 and Plaintiffs were unable to do so, the Court finds that another dismissal with leave to amend would be futile.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 31) is **granted as modified**. Plaintiff's Amended Complaint (Doc. 30) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 13th day of December, 2019.

Honorable Steven P. Logan
United States District Judge